# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| **KEVIN CRICK**  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>**SPARK ENERGY, LLC**  )<br>    Defendant.  )<br>  ) | **Case No**. _____ |

## FOR INVASIVE TELEPHONE CALLS

Kevin Crick, plaintiff, seeks relief from defendant Spark Energy, LLC for its unlawful, intrusive, unwelcome and repeated telemarketing calls to is residential telephone number.

### Parties

1. Plaintiff Kevin Crick is a natural person and resident of Boston, Massachusetts.

2. On information and belief Spark Energy, LLC (Spark Energy) is a Texas limited liability company who at all relevant times was registered with the Secretary of the Commonwealth as a foreign limited liability company doing business in Massachusetts.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1331. See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

4. This Court has supplemental jurisdictions over all state law claims, as they are based upon the same facts as the federal claims. See 28 U.S.C. § 1367

5. Defendant has consented to the personal jurisdiction of this Court by appointing agent for service in Massachusetts. Holloway v. Wright & Morrissey, Inc., 739 F.2d 695, 697 (1st Cir. 1984).

6. This Court is the proper venue because a substantial number of the acts and omissions were directed at the plaintiff, a Massachusetts resident. 28 U.S.C. § 1391(b)(2).

## FACTS

7. At 5:19 p.m. EST on November 26, 2014 a call was initiated by or on the behalf of Spark Energy to Crick's residential telephone (XXX) XXX-3391 from the number (619) 492-4726.

8. The purpose of this call was to market Spark Energy to Crick to be his residential electric power provider and "lock-in" his energy rates.

9. Crick had no prior contact with Spark Energy and had not given Spark Energy authorization to contact him.

10. On November 28, 2014 at 2:53 p.m. EST a second telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726. The conversation lasted about one minute and 39 seconds, in which Crick declined Spark Energy's services and specifically asked that he not receive any more calls from Spark Energy.

11. On December 3, 2014 at 5:15 p.m. EST a *third* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

12. On December 4, 2014 at 11:18 a.m. EST a *fourth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

13. On December 5, 2014 at 5:39 p.m. EST a *fifth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

14. On December 8, 2014 at 3:14 p.m. EST a *sixth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

15. On December 10, 2014 at 2:16 p.m. EST a *seventh* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

16. On December 17, 2014 at 1:42 p.m. EST an *eighth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

17. On December 18, 2014 at 4:16 p.m. EST a *ninth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

18. On December 20, 2014 at 2:22 p.m. EST a *tenth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

19. On January 21, 2015 at 2:53 p.m. EST an *eleventh* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726. Crick picked up the phone and immediately hung up.

20. Less than a minute later with while it was still 2:53 p.m. EST on January 21, 2015, Crick received another telemarketing call by on behalf of Spark Energy. Crick immediately said that he wished to stop being called and hung up.

21. On January 22, 2015 at 1:33 p.m. EST a *thirteenth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming

number of (619) 492-4726. Crick immediately said that he wished to stop being called and hung up.

22. On January 22, 2015 at 2:09 p.m. EST for the second time that day and *fourteenth* time overall Crick received a telemarketing call from or on behalf of Spark Energy with the incoming number of (619) 492-4726. The call lasted one minute and 7 seconds in which Crick explicitly stated that he wished to stop receiving calls from Spark Energy.

23. On January 22, 2015 at 2:33 p.m. EST for the third time that day and *fifteenth* time overall Crick received a telemarketing call from or on behalf of Spark Energy with the incoming number of (619) 492-4726. The call lasted 44 seconds in which Crick explicitly stated that he wished to stop receiving calls from Spark Energy.

24. On January 29, 2015 at 2:01 p.m. EST a *sixteenth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number, this time the with the incoming number was (617) 326-3489.

25. On January 29, 2015 at 2:34 p.m. EST a *seventeenth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (617) 326-3489.

26. On February 3, 2015 at 1:30 p.m. EST an *eighteenth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

27. On February 4, 2015 at 10:23 a.m. EST a *nineteenth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (617) 326-3489. The call lasted one minute and 18 seconds in which Crick explicitly stated that he wished to stop receiving calls from Spark Energy.

28. February 4, 2015 at 1:45 p.m. EST a *twentieth* telemarketing call initiated by or on behalf of Spark Energy was made to Crick's residential phone number with the incoming number of (619) 492-4726.

### Count I
### Telephone Consumer Protection Act
### (47 U.S.C., § 227)

29. Plaintiff reasserts all statements in all of the above paragraphs of this Complaint as though fully stated herein and incorporates them by reference.

30. On information and belief Spark Energy did not maintain procedures for which a residential telephone subscriber could request not to receive telemarketing calls made by or on behalf of Spark Energy and have such request honored within a reasonable period of time. See 47 C.F.R 64.1200(d).

31. Crick continued to receive residential telemarketing calls initiated by or on behalf of Spark Energy more than 30 days after he explicitly requested that Spark Energy stop calling him. Id.

32. Spark Energy caused no fewer than 20 sales solicitation calls to be placed to Crick's residential phone knowing that it did not maintaining adequate procedures to enable Crick to opt-out of receiving such calls. See id.

33. These frequent repeated, unwanted and unnecessary calls caused Crick mental and emotional distress including invasion of privacy, inconvenience, and annoyance.

WHEREFORE, Plaintiff request this Honorable Court enter judgment against Defendant

   a) Awarding compensation for actual damages and statutory damages of $500.00 for each violation; 47 USC § 227(c)(5).

b) awarding triple actual damages and $1,500.00 statutory damages for each knowing and willful violation; id; and

c) ordering all such relief as shall be just and proper.

**Count II**
**Massachusetts Telemarketing Solicitation Act**
**M.G.L. c. 159C**

34. Plaintiff reasserts all statements in all of the above paragraphs of this Complaint as though fully stated herein and incorporates them by reference.

35. Crick received 20 call from on behalf of Spark Energy for the purpose of marketing Spark Energy's services.

36. Crick has never made an express written or verbal request to be called by Spark Energy.

37. Crick has never had any business or contractual relationship with Spark Energy.

38. The service that Spark Energy was marketing to Crick with these calls did not require an in-person meeting before the transaction could be finalized.

39. All 20 calls initiated by or on behalf of Spark Energy were made knowing that Crick had not requested or authorized Spark Energy to market to him.

40. These frequent repeated, unwanted and unnecessary calls caused Crick mental and emotional distress including invasion of privacy, inconvenience, and annoyance.

WHEREFORE, Plaintiff request this Honorable Court enter judgment against Defendant:

a) Awarding plaintiff maximum statutory damages of $5,000.00; M.G.L. c. 15C, § 8(b);

c) costs and reasonable attorney's fees; Id. § 8(c) and

d) ordering such further relief as shall be just and proper.

### Count III
### Unfair or Deceptive Practices in Trade or Commerce
### M.G.L. c. 93A, § 9

41. Plaintiff reasserts all statements in all of the above paragraphs of this Complaint as though fully stated herein and incorporates them by reference.

42. At all relevant times Spark Energy was engaged in trade or commerce.

43. Spark Energy's telemarketing calls to Crick were unreasonable, unfair or deceptive business practices in that they violated the federal Telephone Consumer Protection Act. See 940 Code Mass. Regs. § 3.16(4).

44. Spark Energy's telemarketing calls to Crick were unreasonable, unfair or deceptive business practices in that they violated the Massachusetts Telemarketing Sales Act. See 940 Code Mass. Regs. § 3.16(3); M.G.L c. 159C, § 13.

45. On February 18, 2015 Crick, via attorney, mailed Spark Energy a letter demanding settlement pursuant to M.G.L. 93A § 9 via certified mail. [Exhibit A].

46. On February 23, 2015 Spark Energy received the demand letter [Exhibit B].

47. Spark Energy ignored this demand letter in bad faith despite having reason to know of Crick's meritorious claims.

48. These frequent repeated, unwanted and unnecessary calls caused Crick mental and emotional distress including invasion of privacy, inconvenience, and annoyance.

WHEREFORE, Plaintiff request this Honorable Court enter judgment against Defendant:

   a)   Awarding plaintiff actual damages, or in the alternative $25.00 for each, unreasonable, unfair or deceptive act, whichever is greater. See M.G.L. c. 93A, § 9

   b)   doubling or trebling any damages awarded; Id.

7

    c)    costs and reasonable attorney's fees; Id. and

    d)    ordering such further relief as shall be just and proper.

**Plaintiff claims trial by jury on all issues so triable.**

<div style="text-align: right;">
Kevin Crick,<br>
By his attorney:<br>
<br>
/ s/ Sebastian Korth<br>
Sebastian Korth, Esq. (BBO # 676127)<br>
Korth Law Office<br>
1 Center Plaza, Suite 220<br>
Boston, MA 02110<br>
p 617-259-1955<br>
f 617-238-2167<br>
SKorth@korthlawoffice.com
</div>